### 46TH CIRCUIT TRIAL COURT
### v CRAWFORD COUNTY (ON REMAND)

Docket Nos. 246823, 248593, 251390. Submitted November 29, 2006, at
    Lansing. Decided December 21, 2006, at 9:00 a.m. Leave to appeal
    sought.

   The 46th Circuit Trial Court (the Trial Court), which is the unified
   trial court for Crawford, Kalkaska, and Otsego counties, brought
   an action in the 46th Circuit Trial Court, Crawford Circuit
   Division, against Crawford County and the Crawford County
   Board of Commissioners, alleging a failure to properly fund the
   Trial Court, particularly with regard to retiree health-care and
   pension benefits. A complex series of counterclaims and third-
   party suits followed, bringing Kalkaska and Otsego counties into
   the action. The Crawford County defendants and Kalkaska County
   alleged in part that the Trial Court had exceeded its authority in
   implementing the plan. The State Court Administrative Office
   assigned a visiting judge, Dennis C. Kolenda, J. (the lower court),
   to hear the action. Before trial, the lower court entered a series of
   orders providing that each of the three counties was responsible
   for one-third of the Trial Court's attorney fees and litigation
   expenses and awarding attorney fees to the Trial Court at a higher
   rate than those received by the counties' attorneys. The Crawford
   County defendants and Kalkaska County appealed the orders by
   leave granted. The Court of Appeals concluded that a court has
   inherent power to take whatever steps are reasonably necessary to
   fulfill its judicial function, including undertaking litigation to
   secure necessary funding, employing outside counsel to do so, and
   recovering reasonable attorney fees spent on the litigation. The
   Court of Appeals outlined a procedure for the determination of
   appropriate attorney fees, reversed the lower court orders, and
   remanded this matter for a determination of the attorney fees. 261
   Mich App 477 (2004). On remand, the lower court entered two
   orders concerning the payment of attorney fees by Crawford and
   Kalkaska counties, which the Court of Appeals affirmed in an
   unpublished order entered July 7, 2004. The Crawford County
   defendants and Kalkaska County sought leave to appeal both the
   Court of Appeals opinion and its order, but the Supreme Court
   held those applications in abeyance pending the Court of Appeals
   resolution of appeals related to the lower court's rulings in favor of

the Trial Court following trial, which had proceeded during the course of the interlocutory appeals. When the posttrial appeals were decided, see 266 Mich App 150 (2005), the Supreme Court again held the applications in abeyance pending its resolution of the appeals of the posttrial issues. After it decided the posttrial appeals, 476 Mich 131 (2006), the Supreme Court, in lieu of granting leave to appeal, vacated in part the Court of Appeals judgment in these appeals and, in separate orders, remanded this matter to the Court of Appeals for reconsideration of whether the Trial Court is entitled to reasonable attorney fees in light of the Supreme Court's decision and for reconsideration of the July 7, 2004, order. 477 Mich 920 (2006).

On remand, the Court of Appeals *held*:

The Trial Court is entitled to recover reasonable attorney fees. While the Supreme Court ultimately determined in its opinion that the Trial Court had failed to prove that the appropriations made were insufficient for the Trial Court to function, nothing in the opinion suggests that a court may recover attorney fees expended to assert a claim for increased funding only if that claim is ultimately determined to be meritorious. Such a rule would severely undermine the inherent-power doctrine and would have an onerous chilling effect. There is no reason to conclude that the Trial Court's claim for additional funding was made in bad faith, and the claim was arguably meritorious. On reconsideration, the orders concerning attorney fees and costs that the lower court entered on remand are affirmed.

COURTS — INHERENT POWER OF COURTS — ACTIONS BY COURTS TO SECURE INCREASED FUNDING — ATTORNEY FEES.

A court that exercises its inherent power to pursue litigation to compel appropriations that are reasonable and necessary to allow the court to fulfill its judicial responsibilities is entitled to recover the reasonable attorney fees expended to assert the claim, even if the court is not ultimately successful in the litigation.

*Howard L. Shifman, P.C.* (by *Howard L. Shifman*), and *Kienbaum Opperwall Hardy & Pelton, P.L.C.* (by *Thomas G. Kienbaum, Noel D. Massie*, and *Patricia J. Boyle*), for the 46th Circuit Trial Court.

*Cohl, Stoker, Toskey & McGlinchey, P.C.* (by *Bonnie G. Toskey*), for Crawford County, the Crawford County Board of Commissioners, and Kalkaska County.

*Johnson, Rosati, LaBarge, Aseltyne & Field, P.C.* (by *Christopher J. Johnson*), for Otsego County.

Amicus Curiae:

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Gregory L. Ulrich* and *Jana M. Berger*), for the Michigan Association of Counties.

ON REMAND

Before: SAWYER, P.J., and BANDSTRA and SMOLENSKI, JJ.

PER CURIAM. We issued an opinion in this matter on April 1, 2004, *46th Circuit Trial Court v Crawford Co*, 261 Mich App 477; 682 NW2d 519 (2004) (*46th Circuit Court I*). An appeal of that case was held in abeyance by the Supreme Court pending its decision in a related matter that has now been decided, *46th Circuit Trial Court v Crawford Co*, 476 Mich 131; 719 NW2d 553 (2006) (*46th Circuit Court II*). In an order dated November 1, 2006, the Supreme Court vacated in part the judgment of this Court in *46th Circuit Court I* and remanded the matter "for reconsideration of whether the 46th Circuit Trial Court is entitled to recover reasonable attorneys fees, in light of this Court's decision in" *46th Circuit Trial Court II*. 477 Mich 920 (2006).

In *46th Circuit Court I, supra* at 490, we concluded that the inherent-power doctrine supplies a court with the authority to take whatever steps are reasonably necessary to fulfill the judicial function. Specifically, we concluded that this authority includes undertaking litigation to secure necessary funding, employing outside counsel to do that, and recovering reasonable attorney fees spent on that litigation. *Id.* at 490-491. "[T]he inherent power of a court includes those powers

reasonably required for its practical exercise . . . [, including the power] to employ counsel and recover reasonable attorney fees arising out of such inherent power litigation." *Second Judicial Dist Court Employees & Judge v Hillsdale Co*, 423 Mich 705, 749; 378 NW2d 744 (1985) (RILEY, J., dissenting). Nonetheless, we further reasoned that the determination of appropriate attorney fees in this context must be approached with "great caution," *46th Circuit Court I, supra* at 496, and we outlined a procedure to be used in determining the issue, *id.* at 499-500. We reversed the lower court orders awarding attorney fees and remanded for determination of those fees in light of our decision. *Id.* at 505.

We find nothing in *46th Circuit Court II* that would undermine this analysis or result. The Supreme Court reiterated our conclusion that the inherent-power doctrine provides the judiciary the authority to compel appropriations that are reasonable and necessary to allow the court to function serviceably in carrying out its constitutional responsibilities. *46th Circuit Court II, supra* at 143-149. The Supreme Court determined that, under the facts of this case, the 46th Circuit Trial Court had failed to prove with clear and convincing evidence that the appropriation made by the legislative bodies was insufficient in this regard. *Id.* at 149-155. However, nothing in the Supreme Court's opinion suggests that a court may recover attorney fees expended to assert a claim for increased funding only if that claim is ultimately adjudged to be meritorious.

In our view, such a rule would severely undermine the inherent-power doctrine. A rule allowing reimbursement of attorney fees only if inherent-power litigation is successful would have an onerous chilling effect. The judiciary, only contemplating litigation because of a perceived budget shortfall, would be hard-

pressed to employ outside counsel whose unreimbursed fees might exacerbate that shortfall.[1] As we have already noted, there is no reason in this case to conclude that the claim for additional funding was made in bad faith, and the claim was, at least, arguably meritorious. *46th Circuit Court I, supra* at 492 n 11.

Accordingly, on remand from the Supreme Court in Supreme Court Docket Nos. 126088, 126089, and 126090, we again conclude that the 46th Circuit Trial Court is entitled to recover reasonable attorney fees within the limitations set out in *46th Circuit Court I*. Further, on remand from the Supreme Court in Supreme Court Docket Nos. 126846, 126847, and 126848, 477 Mich 920 (2006), we have also reconsidered our July 7, 2004, order in light of this opinion, and we again affirm the June 11 and June 30, 2004, opinions and orders concerning attorney fees and costs entered by the lower court on remand from *46th Circuit Court I*.

---

[1] We recognize that our decision is inconsistent with the usual rule that attorney fees are recoverable, if at all, only by a prevailing party. This case presents a unique circumstance, because the viability of one of our three branches of government is at issue. The judicial branch, which has no independent financial means to undertake litigation concerning funding, must be empowered to undertake that litigation when necessary to protect the judicial function.