46TH CIRCUIT TRIAL COURT
v CRAWFORD COUNTY (ON REMAND)

Docket Nos. 254180, 256129, 257234. Submitted February 1, 2007, at
Lansing. Decided March 27, 2007, at 9:20 a.m.

The 46th Circuit Trial Court (the Trial Court), which is the unified trial
court for the counties of Crawford, Kalkaska, and Otsego, brought an
action in the Crawford Circuit Court against Crawford County,
Kalkaska County, and the Crawford County Board of Commissioners,
alleging a failure to properly fund the Trial Court, particularly with
regard to retiree health-care and pension benefit plans. Crawford
County and Kalkaska County (the counties) filed a third-party claim
against Otsego County and a countercomplaint seeking a declaratory
judgment that the Trial Court exceeded its authority in implement-
ing the plans. Visiting circuit judge Dennis C. Kolenda, J., whom the
State Court Administrator had assigned to hear the case, ruled in the
Trial Court's favor, sanctioned the counties and their counsel for
filing frivolous pleadings, determined using equitable principles that
Otsego County should not bear the costs of the Trial Court's
litigation, and limited the Trial Court's counsel's hourly rate for the
purpose of awarding attorney fees. The counties and their counsel
appealed. The Court of Appeals, COOPER and NEFF, JJ. (ZAHRA, P.J.,
concurring in part and dissenting in part), consolidated the six
appeals and affirmed the judgment of the circuit judge. 266 Mich App
150 (2005). The Supreme Court granted the counties' application for
leave to appeal, limited to three specific issues related to funding. 474
Mich 986 (2005). The Supreme Court reversed the Court of Appeals
judgment on those limited issues and remanded the matter to the
circuit judge for entry of judgment in favor of the defendant counties.
476 Mich 131 (2006), amended 476 Mich 1201 (2006). Subsequently,
in separate orders, the Supreme Court disconsolidated the six appeals
into two sets of three and ordered the Court of Appeals to reconsider,
after a related set of consolidated cases was decided on remand,
whether Otsego County was entitled to reimbursement for any
attorney fees paid on behalf of the Trial Court and whether the three
counties that comprised the Trial Court's funding units could be held
responsible for the Trial Court's attorney fees. 477 Mich 921, 922
(2006).

On remand, the Court of Appeals *held*:

1. The trial court's ruling relieving Otsego County of its share of the obligation to pay the Trial Court's attorney fees must be reversed. This Court's previous ruling upholding the ruling was based on this Court's view that Crawford County and Kalkaska County had caused the Trial Court to incur legal fees while defending a meritorious position. However, Crawford County and Kalkaska County were subsequently vindicated on the merits, and, in the process, provided an important public service by engendering important developments in the law of court-funding controversies. Because maintaining the correct position in a funding controversy predicated on a court's inherent powers is no defense to the court's inherent right to recover its attorney fees, neither should maintaining the wrong position provide any such defense.

2. Nothing in the Supreme Court's decision in this case or in the decision in the related cases on remand undermines this Court's previous decision to uphold the ruling that the three counties are responsible for the Trial Court's attorney fees because of a binding previous opinion, the law of the case doctrine, and to avoid an onerous chilling effect on litigation seeking to correct judicial budget shortfalls.

Docket Nos. 256129 and 257234 affirmed; Docket No. 254180 reversed and remanded for further proceedings.

*Kienbaum Opperwall Hardy & Pelton, P.L.C.* (by *Thomas G. Kienbaum* and *Noel D. Massie*) (*Patricia J. Boyle*, of counsel), for the 46th Circuit Trial Court.

*Allan Falk, P.C.* (by *Allan Falk*) and *Cohl, Stoker, Toskey & McGlinchey, P.C.* (by *Bonnie G. Toskey*), for Crawford County, the Crawford County Board of Commissioners, and Kalkaska County.

*Johnson, Rosati, LaBarge, Aseltyne & Field, P.C.* (by *Christopher J. Johnson* and *Marcelyn A. Stepanski*), for Otsego County.

ON REMAND

Before: ZAHRA, P.J., and NEFF and COOPER, JJ.

PER CURIAM. This matter originally involved six consolidated cases involving the same parties.[1] On remand, we address three of the six consolidated cases. We affirm as to Docket Nos. 256129 and 257234, reverse as to Docket No. 254180, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

We issued one opinion in the consolidated cases on May 3, 2005, *46th Circuit Trial Court v Crawford Co*, 266 Mich App 150, 702 NW2d 588 (2005).[2] The Michigan Supreme Court

---

[1] Collectively, Docket Nos. 254179, 254180, 254181, 254182, 256129, and 257234. Docket Nos. 254180, 256129, and 257234 are addressed in this opinion; the others are disposed of as follows:

Docket Number 254179: In an order dated November 1, 2006, specific to Docket Number 254179, the Supreme Court granted a motion for review of taxation of costs. On December 5, 2006, this Court issued an order stating "A public question being involved, and in light of the relationships between the parties, no costs are awarded."

Docket Number 254181: In an order dated November 1, 2006, specific to Docket Number 254181, the Supreme Court vacated in part the judgment of this Court and remanded the case. However, in an order dated January 29, 2007, the Supreme Court reversed itself, stating it "vacate[d] that part of our November 1, 2006, order that vacated the Court of Appeals opinion in part and remanded this case to the Court of Appeals." On reconsideration the Supreme Court denied the application for leave to appeal. 477 Mich 1002 (2007).

Docket Number 254182: In an order dated November 1, 2006, specific to Docket Number 254182, the Supreme Court denied defendant's application for leave to appeal. In an order dated January 29, 2007, the Supreme Court denied the motion for reconsideration. 477 Mich 1002 (2007).

[2] Because 261 Mich App 477; 682 NW2d 519 (2004), has been identified as "*46th Circuit Court I*," and 476 Mich 131; 719 NW2d 553 (2006), identified as "*46th Circuit Court II*" in this Court's related opinion at 273 Mich App 342; 729 NW2d 914 (2006), for ease of reference, our opinion in 266 Mich App 150; 702 NW2d 588 (2005), which was appealed in *46th*

granted the defendant counties' application for leave to appeal, limited to the questions: (1) whether the appropriations sought for the enhanced benefits plan were "reasonable and necessary to achieve the court's constitutional and statutory responsibilities"; (2) whether the defendant counties were contractually obligated to fund the enhanced benefits plan at the level requested by the Trial Court; and (3) whether there was evidence to support the conclusion that the level of funding offered by the counties was insufficient to allow the court to fulfill its essential functions. [*46th Circuit Trial Court v Crawford Co*, 476 Mich 131, 139; 719 NW2d 553 (2006) ("*46th Circuit Court II*").]

On appeal, the Supreme Court reversed the judgment of this Court with respect to those limited questions.

In addition, this matter significantly overlaps with another action involving the same parties in this Court, *46th Circuit Court v Crawford Co*, 261 Mich App 477; 682 NW2d 519 (2004) ("*46th Circuit Court I*"). We note that this Court affirmed its prior ruling in *46th Circuit Court I*, finding there was "nothing in *46th Circuit Court II* that would undermine [the] analysis or result [in the earlier opinion]." *46th Circuit Court I (On Remand)*, 273 Mich App 342, 345; 729 NW2d 914 (2006).

## II. DOCKET NO. 254180

In an order dated November 1, 2006, specific to Docket No. 254180, the Supreme Court vacated in part the judgment of this Court and directed this Court to

hold this case in abeyance pending its decision on remand in *46th Circuit Trial Court v Crawford Co* (Court of Appeals Docket Nos. 246823, 248593, and 251390) [*46th Circuit Court I*]. After *46th Circuit Trial Court v Crawford*

*Circuit Court II*, shall be referred to as *46th Circuit Court II*, but shall also include a citation to the Michigan Appeals Reports to distinguish it.

*Co* is decided on remand, the Court of Appeals shall reconsider whether Otsego County is entitled to reimbursement for any attorney fees paid on behalf of the 46th Circuit Trial Court. [477 Mich 921 (2006).]

At issue here is Otsego County's claim for reimbursement for attorney fees it had paid on behalf of the 46th Circuit Trial Court. In our prior opinion, this issue was stated in this way:

> The Counties also challenge the lower court's order relieving Otsego County of its responsibility to fund the Trial Court's attorney fees and reapportioning its duty among the other two counties. Although Otsego County sought to be indemnified by the Counties for its share of the attorney fees, the lower court instead determined that it was entitled to relief based on equitable principles. [*46th Circuit Court II*, 266 Mich App at 169.]

We agreed with the circuit court that "Otsego County was brought into this litigation with 'clean hands,' " and found that Otsego County "was entitled to the equitable relief granted by the lower court." *Id.* at 170.

"When reviewing equitable actions, this Court employs review de novo of the decision and review for clear error of the findings of fact in support of the equitable decision rendered." *LaFond v Rumler*, 226 Mich App 447, 450; 574 NW2d 40 (1997).

The reasoning in our prior opinion rested on the fact that Crawford County and Kalkaska County had caused the 46th Circuit Court to incur legal fees in its campaign for additional funding, because at that time we believed the Trial Court's position was meritorious. However, Crawford County and Kalkaska County were ultimately vindicated on the merits, *46th Circuit Court II, supra* at 149, so although the counties did trigger the underlying

litigation, having prevailed in the Supreme Court those counties' hands are as "clean" as Otsego County's.

In *46th Circuit Court I (On Remand), supra* at 345-346, this Court made it clear that a funding unit meritoriously opposing a court's good-faith attempt to compel additional funding through its inherent powers must nonetheless pay that court's attorney fees. Having defended their public funds against a good-faith yet ultimately unsuccessful attack from the Trial Court, in the process engendering important developments in the law of such controversies, Crawford County and Kalkaska County performed a valuable public service.

Because maintaining the correct position in a funding controversy predicated on a court's inherent powers is no defense to the court's inherent right to recover its attorney fees, neither should maintaining the wrong position provide any such defense. Fee shifting in such instances is a function of the separation of powers, not of who takes what position below. See *46th Circuit Court I (On Remand), supra.* Accordingly, Judge Kolenda erred in relieving Otsego County of its share of that burden.

We therefore reverse the opinion and order[3] entered by the lower court relieving Otsego County of its share of the obligation to pay the Trial Court's attorney fees.

### III. DOCKET NOS. 256129 AND 257234

In an order dated November 1, 2006, specific to Docket Nos. 256129 and 257234, the Supreme Court vacated in part the judgment of this Court and stated:

[W]e remand this case to the Court of Appeals, which shall hold this case in abeyance pending its decision on remand in *46th Circuit Trial Court v Crawford Co* (Court of

---

[3] Entered May 30, 2003, by Judge Dennis C. Kolenda.

Appeals Docket Nos. 246823, 248593, and 251390) ["*46th Circuit Court I*"]. After *46th Circuit Trial Court v Crawford Co* is decided on remand, the Court of Appeals shall reconsider this case. [477 Mich 922 (2006).]

The multiple issues presented in the two docket numbers at issue here all relate to the lower court's ruling that the 46th Circuit Trial Court's funding units, the three counties, could be held responsible for the Court's attorney fees. These issues were included in the first appeal filed in this matter, *46th Circuit Court I,* and were decided by that Court. In our prior opinion on the issues presented here, we stated:

> Even if we were to agree with the Counties' challenges, we would be unable to provide any relief. We are bound by the previous published opinion of this Court.[34] We are further bound by the law of the case doctrine.
>
> "The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue. Thus, a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case." [*46th Circuit Court II, supra,* 266 Mich App at 168-169, quoting *Ashker v Ford Motor Co,* 245 Mich App 9, 13; 627 NW2d 1 (2001) (footnote omitted).]

---

[34] MCR 7.215(C)(2); *Catalina Marketing Sales Corp v Dep't of Treasury,* 470 Mich 13, 23; 678 NW2d 619 (2004). The fact that the Counties appealed this decision to the Michigan Supreme Court, which held the application in abeyance pending the resolution of these consolidated appeals, has no effect on the prior opinion's precedential value. MCR 7.215(C)(2); *Johnson v White,* 261 Mich App 332, 347; 682 NW2d 505 (2004).

We agree with this Court's reasoning in *46th Circuit Court I (On Remand)*, *supra* at 345-346:

> A rule allowing reimbursement of attorney fees only if inherent-power litigation is successful would have an onerous chilling effect. The judiciary, only contemplating litigation because of a perceived budget shortfall, would be hard-pressed to employ outside counsel whose unreimbursed fees might exacerbate that shortfall.[1]

---

[1] . . . The judicial branch, which has no independent financial means to undertake litigation concerning funding, must be empowered to undertake that litigation when necessary to protect the judicial function.

---

We find nothing in *46th Circuit Court II* or in the decision on remand in *46th Circuit Court I* that would undermine the analysis or result in our prior opinion.

We again affirm the opinion of the lower court with respect to attorney fees.

### IV. CONCLUSION

We affirm as to Docket Nos. 256129 and 257234, reverse as to Docket No. 254180, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.