739 N.W.2d 361 (2007)
275 Mich. App. 82
Crawford County and Kalkaska County, Plaintiffs-Appellants,
v.
Otsego County, Defendant-Appellee.
46TH CIRCUIT TRIAL COURT, Plaintiff-Appellee,
v.
CRAWFORD COUNTY, Defendant-Appellant,
Crawford County Board of Commissioners, Defendant/Counter-Plaintiff/Third-Party-Plaintiff-Appellant,
Kalkaska County, Third-Party-Plaintiff/Counter-Defendant-Appellant, and
Otsego County, Third-Party-Defendant-Appellee.
Docket Nos. 254180, 256129, 257234.
Court of Appeals of Michigan.
Submitted February 1, 2007, at Lansing.
Decided March 27, 2007, at 9:20 a.m.
Released for Publication August 15, 2007.
*362 Kienbaum Opperwall Hardy & Pelton, P.L.C. (by Thomas G. Kienbaum and Noel D. Massie) (Patricia J. Boyle, of counsel), Birmingham, for the 46th Circuit Trial Court.
Allan Falk, P.C. (by Allan Falk) and Cohl, Stoker, Toskey & McGlinchey, P.C. (by Bonnie G. Toskey), Okemos, Lansing, for Crawford County, the Crawford County Board of Commissioners, and Kalkaska County.
Johnson, Rosati, LaBarge, Aseltyne & Field, P.C. (by Christopher J. Johnson and Marcelyn A. Stepanski), Farmington Hills, for Otsego County.
Before: ZAHRA, P.J., and NEFF and COOPER, JJ.

ON REMAND
PER CURIAM.
This matter originally involved six consolidated cases involving the same parties.[1] On remand, we address three of the six consolidated cases. We affirm as to Docket Nos. 256129 and 257234, reverse as to Docket No. 254180, and remand for further proceedings consistent with this opinion.

I. Background
We issued one opinion in the consolidated cases on May 3, 2005, 46th Circuit Trial Court v. Crawford Co., 266 Mich.App. 150, 702 N.W.2d 588 (2005).[2] The Michigan Supreme Court granted the defendant counties' application for leave to appeal, limited to the questions: (1) whether the appropriations sought for the enhanced *363 benefits plan were "reasonable and necessary to achieve the court's constitutional and statutory responsibilities"; (2) whether the defendant counties were contractually obligated to fund the enhanced benefits plan at the level requested by the Trial Court; and (3) whether there was evidence to support the conclusion that the level of funding offered by the counties was insufficient to allow the court to fulfill its essential functions. [46th Circuit Trial Court v. Crawford Co., 476 Mich. 131, 139, 719 N.W.2d 553 (2006) ("46th Circuit Court II")].
On appeal, the Supreme Court reversed the judgment of this Court with respect to those limited questions.
In addition, this matter significantly overlaps with another action involving the same parties in this Court, 46th Circuit Court v. Crawford Co., 261 Mich.App. 477, 682 N.W.2d 519 (2004) ("46th Circuit Court I"). We note that this Court affirmed its prior ruling in 46th Circuit Court I, finding there was "nothing in 46th Circuit Court II that would undermine [the] analysis or result [in the earlier opinion]." 46th Circuit Court I (On Remand), 273 Mich.App. 342, 345, 729 N.W.2d 914 (2006).

II. Docket No. 254180
In an order dated November 1, 2006, specific to Docket No. 254180, the Supreme Court vacated in part the judgment of this Court and directed this Court to
hold this case in abeyance pending its decision on remand in 46th Circuit Trial Court v. Crawford Co. (Court of Appeals Docket Nos. 246823, 248593, and 251390) [46th Circuit Court I]. After 46th Circuit Trial Court v. Crawford Co. is decided on remand, the Court of Appeals shall reconsider whether Otsego County is entitled to reimbursement for any attorney fees paid on behalf of the 46th Circuit Trial Court. [477 Mich. 921, 722 N.W.2d 890 (2006).]
At issue here is Otsego County's claim for reimbursement for attorney fees it had paid on behalf of the 46th Circuit Trial Court. In our prior opinion, this issue was stated in this way:
The Counties also challenge the lower court's order relieving Otsego County of its responsibility to fund the Trial Court's attorney fees and reapportioning its duty among the other two counties. Although Otsego County sought to be indemnified by the Counties for its share of the attorney fees, the lower court instead determined that it was entitled to relief based on equitable principles. [46th Circuit Court II, 266 Mich.App. at 169, 702 N.W.2d 588].
We agreed with the circuit court that "Otsego County was brought into this litigation with `clean hands,'" and found that Otsego County "was entitled to the equitable relief granted by the lower court." Id. at 170, 702 N.W.2d 588.
"When reviewing equitable actions, this Court employs review de novo of the decision and review for clear error of the findings of fact in support of the equitable decision rendered." LaFond v. Rumler, 226 Mich.App. 447, 450, 574 N.W.2d 40 (1997).
The reasoning in our prior opinion rested on the fact that Crawford County and Kalkaska County had caused the 46th Circuit Court to incur legal fees in its campaign for additional funding, because at that time we believed the Trial Court's position was meritorious. However, Crawford County and Kalkaska County were ultimately vindicated on the merits, 46th Circuit Court II, supra at 149, 719 N.W.2d 553 so although the counties did trigger the underlying litigation, having prevailed *364 in the Supreme Court those counties' hands are as "clean" as Otsego County's.
In 46th Circuit Court I (On Remand), supra at 345-346, 729 N.W.2d 914, this Court made it clear that a funding unit meritoriously opposing a court's good-faith attempt to compel additional funding through its inherent powers must nonetheless pay that court's attorney fees. Having defended their public funds against a good-faith yet ultimately unsuccessful attack from the Trial Court, in the process engendering important developments in the law of such controversies, Crawford County and Kalkaska County performed a valuable public service.
Because maintaining the correct position in a funding controversy predicated on a court's inherent powers is no defense to the court's inherent right to recover its attorney fees, neither should maintaining the wrong position provide any such defense. Fee shifting in such instances is a function of the separation of powers, not of who takes what position below. See 46th Circuit Court I (On Remand), supra. Accordingly, Judge Kolenda erred in relieving Otsego County of its share of that burden.
We therefore reverse the opinion and order[3] entered by the lower court relieving Otsego County of its share of the obligation to pay the Trial Court's attorney fees.

III. Docket Nos. 256129 and 257234
In an order dated November 1, 2006, specific to Docket Nos. 256129 and 257234, the Supreme Court vacated in part the judgment of this Court and stated:
. . . we remand this case to the Court of Appeals, which shall hold this case in abeyance pending its decision on remand in 46th Circuit Trial Court v. Crawford Co. (Court of Appeals Docket Nos. 246823, 248593 and 251390) ["46th Circuit Court I"]. After 46th Circuit Trial Court v. Crawford Co. is decided on remand, the Court of Appeals shall reconsider this case. [477 Mich. 922, 722 N.W.2d 884 (2006).]
The multiple issues presented in the two docket numbers at issue here all relate to the lower court's ruling that the 46th Circuit Trial Court's funding units, the three counties, could be held responsible for the Court's attorney fees. These issues were included in the first appeal filed in this matter, 46th Circuit Court I, and were decided by that Court. In our prior opinion on the issues presented here, we stated:
Even if we were to agree with the Counties' challenges, we would be unable to provide any relief. We are bound by the previous published opinion of this Court.[34] We are further bound by the law of the case doctrine.
"The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue. Thus, a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case." [46th Circuit Court II, supra, 266 Mich. App. at 168-169, 702 N.W.2d 588, quoting Ashker v. Ford Motor Co., 245 Mich. App. 9, 13, 627 N.W.2d 1 (2001) (footnote omitted).]
34. MCR 7.215(C)(2); Catalina Marketing Sales Corp. v. Dep't of Treasury, 470 Mich. 13, 23, 678 N.W.2d 619 (2004). The fact that the Counties appealed this decision to the Michigan Supreme Court, which held the application in abeyance pending the resolution of these consolidated appeals, has no effect on the prior opinion's precedential value. MCR *365 7.215(C)(2); Johnson v. White, 261 Mich.App. 332, 347, 682 N.W.2d 505 (2004).
We agree with this Court's reasoning in 46th Circuit Court I (On Remand), supra at 345-346, 729 N.W.2d 914:
A rule allowing reimbursement of attorney fees only if inherent-power litigation is successful would have an onerous chilling effect. The judiciary, only contemplating litigation because of a perceived budget shortfall, would be hard-pressed to employ outside counsel whose unreimbursed fees might exacerbate that shortfall.1
1. . . . The judicial branch, which has no independent financial means to undertake litigation concerning funding, must be empowered to undertake that litigation when necessary to protect the judicial function.
We find nothing in 46th Circuit Court II or in the decision on remand in 46th Circuit Court I that would undermine the analysis or result in our prior opinion.
We again affirm the opinion of the lower court with respect to attorney fees.

IV. Conclusion
We affirm as to Docket Nos. 256129 and 257234, reverse as to Docket No. 254180, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.
BRIAN K. ZAHRA, JANET T. NEFF, JESSICA R. COOPER, JJ., concur.
NOTES
[1] Collectively, Docket Nos. 254179, 254180, 254181, 254182, 256129, and 257234. Docket Nos. 254180, 256129, and 257234 are addressed in this opinion; the others are disposed of as follows:

Docket Number 254179: In an order dated November 1, 2006, specific to Docket Number 254179, the Supreme Court granted a motion for review of taxation of costs. On December 5, 2006, this Court issued an order stating "A public question being involved, and in light of the relationships between the parties, no costs are awarded."
Docket Number 254181: In an order dated November 1, 2006, specific to Docket Number 254181, the Supreme Court vacated in part the judgment of this Court and remanded the case. However, in an order dated January 29, 2007, the Supreme Court reversed itself, stating it "vacate[d] that part of our November 1, 2006 order that vacated the Court of Appeals opinion in part and remanded this case to the Court of Appeals." On reconsideration the Supreme Court denied the application for leave to appeal. 477 Mich. 1002, 726 N.W.2d 43 (2007).
Docket Number 254182: In an order dated November 1, 2006, specific to Docket Number 254182, the Supreme Court denied defendant's application for leave to appeal. In an order dated January 29, 2007, the Supreme Court denied the motion for reconsideration. 477 Mich. 1002, 726 N.W.2d 43 (2007).
[2] Because 261 Mich.App. 477, 682 N.W.2d 519 (2004) has been identified as "46th Circuit Court I," and 476 Mich. 131, 719 N.W.2d 553 (2006) identified as "46th Circuit Court II" in this Court's related opinion at 273 Mich.App. 342, 729 N.W.2d 914 (2006), for ease of reference, our opinion in 266 Mich. App. 150, 702 N.W.2d 588 (2005), which was appealed in 46th Circuit Court II, shall be referred to as 46th Circuit Court II, but shall also include a citation to the Michigan Appeals Reports to distinguish it.
[3] Entered May 30, 2003 by Judge Dennis C. Kolenda.