# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARY VIED, Personal Representative of the Estate of DONNA LEE, and Next Friend of KL, a minor, and NICHOLAS LEE, Individually,

Plaintiffs,

v

FORD MOTOR COMPANY,

Defendant,

and

SOMMERS SCHWARTZ, P.C.,

Appellant/Cross-Appellee,

and

ROBERT H. DARLING,

Appellee/Cross-Appellant.

UNPUBLISHED
September 10, 2015

No. 321478
Oakland Circuit Court
LC No. 2011-119637-NI

---

Before: TALBOT, C.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

This case involves an attorney fee dispute between a law firm, Sommers Schwartz, and an attorney formerly employed by the firm, Robert Darling, in connection with a case Darling handled while a member of the firm. The trial court determined that because both parties had unclean hands, the parties should "share the fee equally." Sommers Schwartz now appeals as of right, and Darling has filed a cross-appeal, both challenging that decision. Because we conclude that Sommers Schwartz is entitled to the entire attorney fee, we reverse and remand for entry of an order awarding the entire attorney fee to Sommers Schwartz.

-1-

## I. FACTS

Plaintiffs, Mary Vied and Nicholas Lee, retained Sommers Schwartz to represent them in an action against Ford Motor Company under a contingency fee arrangement.[1] Darling handled the case and reached a settlement with Ford in February, 2011. The settlement agreement included payment of a specified amount for Sommers Schwartz's costs and attorney fees. At that time, Darling's continued employment with the firm was in question.[2] At his request, the settlement agreement specified that the check was to be "made payable to Plaintiffs and Plaintiffs' attorneys, Robert H. Darling and Sommers Schwartz, P.C." Darling then filed a motion to approve the settlement and authorize the payment of Sommers Schwartz's attorney fees and costs. The motion alleged that the firm was "entitled to reimbursement of costs and payment of an attorney fee in accordance with a contingency fee agreement previously entered into." On April 19, 2012, the trial court approved the settlement, approved the firm's costs and attorney fees as reasonable, and authorized payment of same. The trial court's order specifically stated that Vied was "authorized and empowered to reimburse the Law Firm of SOMMERS SCHWARTZ, P.C. for costs advanced and to pay attorney fees . . . ."

On June 15, 2012, Darling's employment with Sommers Schwartz ended, and Darling created his own law firm. At this time, Ford had not issued the settlement check. Plaintiffs chose to discharge Sommers Schwartz and be represented by Darling and his new firm. On June 18, 2012, Darling filed a substitution of counsel. Shortly thereafter, Darling contacted Paul Nystrom, counsel for Ford, and asked that Ford make the settlement check payable to Darling's new firm. Nystrom refused the request because it did not comply with the trial court's order. Nystrom also suspected that a fee dispute might arise between Darling and Sommers Schwartz, and did not want Ford involved in any such dispute. On June 28, 2012, Ford issued the settlement check, which was made payable to "Robert H. Darling & Sommers Schwartz PC & Vied Plaintiffs."

On July 9, 2012, Darling personally picked up the check from Nystrom and signed a receipt for the check. Without notifying his former firm, Darling endorsed the check "individually and as Senior Shareholder of Sommers Schwartz." He deposited the check in his own IOLTA account. Darling disbursed plaintiffs' share of the funds and retained the attorney fees and costs in his account. After Sommers Schwartz learned that the check had been issued

---

[1] The underlying case involved a car accident that resulted in Donna Lee's death. Vied is the personal representative of Donna Lee's estate. Vied also filed suit on behalf of KL as KL's next friend.

[2] This was because Darling disagreed with a proposed plan which would make substantial alterations to the firm's compensation structure. On April 16, 2012, Sommers Schwartz adopted a restructuring plan which made a variety of changes to the terms of employment applicable to its attorneys. These changes took effect on August 5, 2012.

and deposited, it filed a notice claiming an "attorneys' lien on the proceeds of any settlement or judgment in the within cause."[3]

On January 7, 2013, Sommers Schwartz filed a motion seeking an order compelling payment of this lien. This motion noted that the parties had been unable to settle their dispute to the fees. Sommers Schwartz argued that it was entitled to the entire fee on a quantum meruit theory because all of the work done on the case was performed before Darling left the firm. The trial court conducted an evidentiary hearing. After this hearing, Darling filed a brief explaining his position. Darling asserted that Sommers Schwartz was not entitled to equitable relief because it had not acted equitably toward Darling in the context of the dispute over the firm's restructuring. Darling then argued that if Sommers Schwartz was entitled to equitable relief, the trial court should either split the fee equally, or in the alternative, award $100,000 of the fee to Sommers Schwartz and the remainder to Darling.[4]

In a written opinion, the trial court stated that the employment dispute was pending before another judge and was not a matter to be resolved in the instant matter. The court also rejected Sommers Schwartz's claim that it was entitled to the entire fee because "the matter required some work by Darling" after he left the firm and "the case law requires imposition of the lien and division of the attorney fee based upon equitable principles." The trial court found that both parties had unclean hands in this case. According to the trial court, Sommers Schwartz had unclean hands because it "owe[d] Darling pursuant to a prior agreement which is not directly related to" the instant matter and because there was evidence to suggest that the law firm "has agreed to an equal split with at least one other former member in circumstances very much like the case at bar." Darling had unclean hands because he had endorsed and deposited the settlement check without authorization. The trial court concluded that "good conscience dictates

---

[3] As this Court explained in *Souden v Souden*, 202 Mich App 406, 411; 844 NW2d 151 (2013) (citations and quotation marks omitted):

> There are two types of attorney's liens. A general, retaining, or possessory lien grants the attorney the right to retain possession of property of the client, including money and documents, until the fee for services is paid. A special or charging lien is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit. The charging lien creates a lien on a judgment, settlement, or other money recovered as a result of the attorney's services. Attorney charging liens are not recognized by statute but exist in the common law.

The lien asserted by Sommers Schwartz in this matter falls into the second category, as it is a lien asserted on the judgment recovered as a result of services it provided.

[4] This figure was reached by assuming that Darling should receive one-third of the fee as a referral fee, and 10% of the remainder to represent the "work" he did on the case after he left the firm.

the parties share the fee equally," and awarded them each one half of the fees. Both Darling and Sommers Schwartz now appeal.

## II. ANALYSIS

### A. STANDARD OF REVIEW

Questions of law are reviewed de novo on appeal.[5] Equitable issues are also reviewed de novo,[6] although any findings of fact supporting a trial court's decision are reviewed for clear error.[7] The trial court's factual findings are clearly erroneous "if there is no evidence to support them or there is evidence to support them but this Court is left with a definite and firm conviction that a mistake has been made."[8]

### B. DISCUSSION

Sommers Schwartz sought recovery in quantum meruit, a claim that sounds in equity.[9] This claim was based on the premise that "an attorney on a contingent fee arrangement who is wrongfully discharged, or who rightfully withdraws, is entitled to compensation for the reasonable value of his services based upon quantum meruit, and not the contingent fee contract."[10] This Court has also recognized that because a client has the right to discharge an attorney, "it will frequently be the case that a client's termination of an attorney-client relationship will not be 'wrongful' but that the attorney's conduct will also not be 'wrongful' to the extent that it should bar quantum meruit recovery of attorney fees."[11] In such a case, a discharged attorney may still recover in quantum meruit, so long as the discharged attorney has not engaged "in disciplinable misconduct prejudicial to the client's case or conduct contrary to public policy that would disqualify any quantum meruit award . . . ."[12]

---

[5] *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014).

[6] *System Soft Technologies, LLC v Artemis Technologies, Inc*, 301 Mich App 642, 650; 837 NW2d 449 (2013).

[7] *46th Circuit Trial Court v Crawford Co*, 275 Mich App 82, 86; 739 NW2d 361 (2007).

[8] *A&M Supply Co v Microsoft Corp*, 252 Mich App 580, 588; 654 NW2d 572 (2002).

[9] *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 199; 729 NW2d 898 (2006).

[10] *Reynolds v Polen*, 222 Mich App 20, 24; 564 NW2d 467 (1997) (quotation omitted). "[R]ecovery in such circumstances is based on quantum meruit rather than the amount provided for in a contingent fee agreement because a client has an absolute right to discharge an attorney and is therefore not liable under the contract for exercising that right." *Id*. at 25.

[11] *Id*. at 27.

[12] *Id*.

In this case, the trial court concluded that neither Sommers Schwartz nor Darling had clean hands, and on this basis, ordered that the parties equally split the fee. This conclusion was erroneous.

"It is well settled that one who seeks equitable relief must do so with clean hands."[13] The clean-hands doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant."[14] The trial court initially rejected Darling's claim that Sommers Schwartz had not acted equitably based on the parties' employment dispute because that was a separate issue pending in another case and was "not presented for resolution as part of the case at bar."[15]

But despite this statement, the court ultimately concluded that Sommers Schwartz had unclean hands because it allegedly owed Darling money that he earned, but was not paid before he left the firm. Whether Sommers Schwartz owed Darling any unpaid compensation is the precise issue the trial court determined was not before it to decide. Nor did the trial court reach a conclusion that Sommers Schwartz actually owed any unpaid compensation to Darling. The court stated that "[i]f the testimony of the parties is believed," Sommers Schwartz owed "Darling pursuant to a prior agreement which is not directly related to the instant matter." However, the trial court never stated whether it believed the testimony before it. In other words, the trial court stated that it would reach a certain conclusion if a condition was met, but never decided if that condition was satisfied. Because the issue was not presented for resolution and the trial court did not actually determine that Sommers Schwartz was indebted to Darling, the court erred in relying on that matter to find that Sommers Schwartz had unclean hands.

Rather, this Court has explained that "quantum meruit recovery of attorney fees is barred when an attorney engages in misconduct that results in representation that falls below the standard required of an attorney (e.g., disciplinable misconduct under the Michigan Rules of Professional Conduct) or when such recovery would otherwise be contrary to public policy."[16] There is no evidence that Sommers Schwartz engaged in disciplinable conduct, nor would recovery of the fee by Sommers Schwartz be contrary to public policy. Accordingly, Sommers Schwartz is entitled to recover in quantum meruit.

We further conclude that, under the circumstances presented in this case, Sommers Schwartz is entitled to the entire fee. Such a determination is properly made by considering the

---

[13] *Attorney Gen v PowerPick Club*, 287 Mich App 13, 52; 783 NW2d 515 (2010).

[14] *Rose v Nat'l Auction Group,* 466 Mich 453, 463; 646 NW2d 455 (2002) (quotation omitted).

[15] The trial court similarly stated in a footnote that "the employment dispute between Darling and [Sommers Schwartz] is currently pending before another judge in this circuit, and is no longer an issue in the instant matter."

[16] *Reynolds*, 222 Mich App at 26.

relative proportions of the work completed by Sommers Schwartz and Darling.[17]  Here, it is clear that all of the work leading to the settlement was completed by Sommers Schwartz.  Darling, while still employed by Sommers Schwartz, settled the dispute with Ford.  The trial court entered an order approving the settlement well before Darling left the firm.  When Darling left Sommers Schwartz, the litigation was complete; the only task to be completed was obtaining the settlement check and disbursing the proceeds.  This was a simple ministerial task.  Under the circumstances, we find that Sommers Schwartz is entitled to the entire fee.[18]

Reversed and remanded for entry of an order awarding the disputed costs and attorney fees to Sommers Schwartz.  We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood

---

[17] See *Reynolds*, 222 Mich App at 30-31 (remanding to the trial court to "determine the percentage of the one-third fee that represents" the discharged attorney's "overall contribution to the settlement.").

[18] We reject Darling's various arguments based on the premise that because he performed the work leading to the settlement, he should be entitled to all (or at least the majority) of the fee in this matter.  Darling ignores a simple fact: when he completed this work, he did so as an employee of Sommers Schwartz.