ASHKER v FORD MOTOR COMPANY

Docket No. 214537. Submitted October 11, 2000, at Detroit. Decided March 6, 2001, at 9:05 A.M.

Michelle Ashker brought an action in the Wayne Circuit Court against Ford Motor Company and others, alleging, among other claims, a violation of the Civil Rights Act, MCL 37.2101 *et seq.*, relating to claimed workplace harassment based on her ethnicity. The plaintiff and all defendants other than Ford stipulated the entry of a consent judgment. The court, Kaye Tertzag, J., granted Ford's motion for summary disposition of all claims. The Court of Appeals, GRIFFIN, P.J., and T. G. KAVANAGH, and D. B. LEIBER, JJ., in an unpublished opinion per curiam, issued January 21, 1997 (Docket No. 188647), reversed the dismissal of the civil rights claim and affirmed the dismissal of the other claims. The Court of Appeals remanded the case to the trial court for further proceedings on the civil rights claim and instructed the trial court that, pursuant to *McCarthy v State Farm Ins Co*, 170 Mich App 451 (1988), it must use the economic reality test to resolve the factual issue whether Ford was the plaintiff's employer. On remand, Ford again moved for summary disposition of the civil rights claim, contending that *Norris v State Farm Fire & Casualty Co*, 229 Mich App 231 (1998), expressly overruled *McCarthy* in adopting the control test for determining whether an employer-employee relationship exists in all cases other than worker's compensation cases and that under the control test there was no genuine issue of fact that it was not the plaintiff's employer. The trial court granted the motion. The plaintiff appealed. The plaintiff died while the appeal was pending, and Vicki Ashker, personal representative of the decedent's estate, was substituted as party plaintiff.

The Court of Appeals *held*:

1. The law of the case doctrine binds the trial court to abide by the Court of Appeals determination that the economic reality test is to be used in determining whether Ford was the plaintiff's employer for purposes of the civil rights claim. *Norris* does not represent an intervening change of law that precludes application of the law of the case doctrine. *McCarthy* involved the application of the economic reality test in the determination whether State

Farm was the plaintiff's employer and the application of the control test in the determination whether State Farm could be held liable under the theory of respondeat superior for the actions of its agent. *Norris* involved the application of the control test in the determination whether the defendants could be held liable under the theory of respondeat superior. *Norris* reiterated one part of the holdings in *McCarthy* and therefore did not effect a change in the law.

2. The prior panel of the Court of Appeals in this case correctly determined that the economic reality test is the proper test to apply for determining whether Ford was the plaintiff's employer for purposes of the claim that Ford is directly liable for violation of the Civil Rights Act.

Reversed and remanded.

1. APPEAL — LAW OF THE CASE — INTERVENING CHANGE OF LAW.

The doctrine of law of the case, under which an appellate court ruling on a question of law binds the appellate court and all lower tribunals with respect to that issue, does not preclude reconsideration of a question if there has been an intervening change of law after the initial decision of the appellate court.

2. CIVIL RIGHTS — CIVIL RIGHTS ACT — VIOLATIONS — EMPLOYERS' LIABILITY — EMPLOYER-EMPLOYEE RELATIONSHIP — ECONOMIC REALITY TEST.

The economic reality test is used in determining whether an employer-employee relationship exists between a plaintiff employee and a defendant employer in an action alleging that the defendant has direct liability, as opposed to respondeat superior liability, for a workplace violation of the Civil Rights Act; factors considered under the economic reality test are control, payment of wages, hiring and firing, and responsibility for the maintenance of discipline (MCL 37.2101 *et seq.*).

*Feikens, Stevens, Kennedy, Hurley & Galbraith, P.C.* (by *Michael B. Barey*), for the plaintiff.

*Deborah N. Gertsen* and *Willie E. McGlory* and *Kienbaum Opperwall Hardy & Pelton, P.L.C.* (by *Elizabeth Hardy*), for the defendant.

Before: MARKEY, P.J., and MURPHY and COLLINS, JJ.

MURPHY, J. Plaintiff[1] appeals as of right from the trial court's order granting summary disposition, pursuant to MCR 2.116(C)(10), in favor of defendant Ford Motor Company. We reverse and remand.

In January of 1991, Michelle Ashker initiated this action alleging civil conspiracy, violation of the Civil Rights Act (CRA), MCL 37.2101 *et seq.*, intentional interference with economic advantage, intentional infliction of emotional distress, breach of contract, and intentional interference with a contractual relationship. The lawsuit named as defendants Ford Motor Company, Ford Motor Credit Company (FMCC) and ten individual defendants. Ashker entered into a consent judgment with FMCC and the individual defendants following mediation, and only defendant Ford remained. In August 1995, the trial court dismissed the suit against defendant. Ashker appealed to this Court, which affirmed in part and reversed in part in *Ashker v Ford Motor Co*, unpublished opinion per curiam of the Court of Appeals, issued January 21, 1997 (Docket No. 188647) (*Ashker I*).

In *Ashker I*, this Court affirmed the dismissal of plaintiff's claims of civil conspiracy, intentional infliction of emotional distress, and interference with a contractual relationship, but reversed the dismissal of the CRA claim.[2] With respect to the CRA claim, this Court held that the proper test to determine whether

---

[1] The original plaintiff in this matter was Michelle Ashker. According to plaintiff Vicki Ashker's motion for substitution of party, Michelle Ashker died on April 26, 1999, eight months after the court entered the order presently being appealed.

[2] Ashker did not appeal the dismissal of the claims of intentional interference with economic advantage or breach of contract.

defendant was Ashker's employer was the economic reality test:

> The circuit court erred in granting summary disposition to defendant regarding plaintiff's CRA claim. The economic reality test is the proper test to determine whether defendant Ford was plaintiff's employer. See *McCarthy v State Farm Insurance,* 170 Mich App 451, 455; 428 NW2d 692 (1988). The factors to be considered in applying the economic reality test are (1) control; (2) payment of wages; (3) hiring and firing; and (4) responsibility for the maintenance of discipline. *Wells v Firestone Co,* 421 Mich 641, 648; 364 NW2d 670 (1984).

Under this test, this Court held that there was a genuine issue of material fact regarding whether defendant was Ashker's employer. Accordingly, this Court remanded for further proceedings regarding the CRA claim.

Defendant again moved for summary disposition in July 1998, this time arguing that this Court's decision in *Norris v State Farm Fire & Casualty Co,* 229 Mich App 231; 581 NW2d 746 (1998), changed the law and that the control test should now be used to determine whether defendant was Ashker's employer. Defendant contended that *Norris* expressly overruled *McCarthy, supra,* and adopted the control test in all but worker's compensation cases. Defendant argued that, under the control test, there was no genuine question of material fact that it was not Ashker's employer. The trial court agreed with defendant's arguments and entered summary disposition in its favor.

Plaintiff now contends that the *Norris* panel misinterpreted the *McCarthy* decision and that under the facts of this case the economic reality test is still the appropriate test to determine whether defendant was

Ashker's employer for the purposes of this CRA claim. Plaintiff argues that the law of the case doctrine applies such that the trial court is precluded from reconsidering whether there is a genuine issue of fact regarding whether plaintiff was Ford's employee. We agree.

The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue. *Driver v Hanley (After Remand)*, 226 Mich App 558, 565; 575 NW2d 31 (1997). Thus, a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case. *Id.* The primary purpose of the doctrine is to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. *Bennett v Bennett*, 197 Mich App 497, 499-500; 496 NW2d 353 (1992). However, the doctrine does not preclude reconsideration of a question if there has been an intervening change of law. *Freeman v DEC Int'l, Inc*, 212 Mich App 34, 38; 536 NW2d 815 (1995). For this exception to apply, the change of law must occur after the initial decision of the appellate court. *Id.* Whether law of the case applies is a question of law subject to review de novo. *Kalamazoo v Dep't of Corrections (After Remand)*, 229 Mich App 132, 135; 580 NW2d 475 (1998).

At issue here is whether *Norris* represents an intervening change of law that precludes application of the law of the case doctrine. We find that it is not. Although the panel in *Norris* specifically overruled *McCarthy* while holding that the appropriate test for respondeat superior liability is the control test, *Nor-*

*ris, supra* at 238-239, the panel actually misinterpreted *McCarthy* by failing to recognize that the earlier decision addressed two separate issues. *Norris*, in fact, merely reiterated the second of two holdings reached in *McCarthy* and thus the two decisions are fully consistent.

*McCarthy* first addressed whether the defendant State Farm was the plaintiff's employer and, second, whether, in the alternative, the defendant State Farm could be held liable for actions of its agent under the theory of respondeat superior. In addressing the first issue *McCarthy* applied the economic reality test, *McGarthy, supra* at 455-456, and in addressing the second it applied the control test. *Id.* at 457-458. In *Norris*, by contrast, it appears that the plaintiff asserted claims against the defendant State Farm companies pursuant to a theory of respondeat superior liability only. *Norris, supra at* 238. No allegation of direct liability is discussed.[3] *Norris* concluded that for all but worker's compensation cases it is well established that the correct standard to assess respondeat superior liability is the control test, not the economic reality test. *Id.* at 239. However,

---

[3] *Norris* seemingly viewed *McCarthy* as an identically structured case involving only a respondeat superior theory. It was on this premise that *Norris* held that *McCarthy* was wrongly decided, ruling that the earlier panel had erred in applying the economic reality test to a respondeat superior situation. Given the facts of both cases, each of which included three apparently identically positioned parties—an employee, an independent insurance broker exclusively selling State Farm policies, and State Farm—it is plausible that both cases could have been analyzed under the framework addressed in *Norris*. Nevertheless, the claims presented in the two cases did differ, and rightly or wrongly *McCarthy* did not focus solely on the theory of respondeat superior. To the extent it was appropriate to view the relationship between the parties in *McCarthy* in a framework other than respondeat superior, the panel's reasoning with regard to the issue of direct liability was appropriate and is still good law.

because *McCarthy* also held that the control test applies to assess respondeat superior liability, *Norris* does not constitute an intervening change in the law. Accordingly, the law of the case doctrine is applicable and the trial court should not have reconsidered the issue.

Although the doctrine is applicable regardless of the correctness of this Court's decision in *Ashker I*, see *Reeves v Cincinnati, Inc (After Remand)*, 208 Mich App 556, 559; 528 NW2d 787 (1995); *Bennett, supra* at 500, we additionally find that the *Ashker I* panel appropriately utilized the economic reality test. In *Chilingirian v City of Fraser*, 194 Mich App 65, 69; 486 NW2d 347 (1992), this Court noted:

> The "control test" has been limited to those situations where respondeat superior has been alleged and the vicarious liability of a master is involved. The control test has been abandoned as the exclusive criterion by which the existence of an employee-employer relationship, for the purpose of remedial social legislation, is determined. Because vicarious liability of a master is not alleged herein, we find the control test to be inappropriate. The test to be employed is one of "economic reality." [Citations omitted.]

Here, it is not clear that Ashker sought only to hold defendant vicariously liable for the acts of a servant or an agent. Rather, it appears that she sought to hold defendant liable for its own actions concerning its investigation, or lack thereof, of her workplace complaints of ethnic harassment. Before consideration of defendant's original motion for summary disposition, Ashker supported this theory of liability with evidence regarding defendant's involvement in investigation of her complaints and defendant's oversight and review of FMCC's termination process. Regardless of

whether sufficient evidence to prevail will ultimately be presented, Ashker did not merely assert liability on the part of defendant for the actions of an agent, FMCC.

To the extent, therefore, that this case presents a question of direct liability on the part of defendant, the *Ashker I* panel correctly held the economic reality test applicable. The control test is irrelevant because its purpose is to define and delimit the circumstances under which a master should be held liable for the acts committed by a servant that injure a third party. *Nichol v Billot*, 406 Mich 284, 297; 279 NW2d 761 (1979).[4]

Reversed and remanded. We do not retain jurisdiction.

---

[4] Given our resolution of these questions, we need not address plaintiff's additional argument that under the control test there is a material question of fact regarding whether defendant had control over Ashker.