*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 28, 2019

Plaintiff-Appellee,

v

No. 342161
Wayne Circuit Court
LC No. 14-007273-01-FC

FELIX VASQUEZ,

Defendant-Appellant.

Before: MURRAY, C.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

After a jury trial, defendant was convicted of six counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration with a person under 13 years of age), and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with a person under 13 years of age). The trial court sentenced defendant to 40 to 60 years' imprisonment for each CSC-I conviction and 10 to 15 years' imprisonment for the CSC-II conviction. Defendant appealed, and this Court affirmed his convictions but remanded for a *Crosby*[1] hearing. *People v Vasquez*, unpublished per curiam opinion of the Court of Appeals, issued May 10, 2016 (Docket No. 325778) (*Vasquez I*). On remand, after the trial court denied defendant's motion for resentencing, defendant's sentences remained unchanged. We now remand for resentencing.

As this Court has previously noted, "This case arose from defendant's sexual assaults of AM and AF when they were both under 13 years of age. The sexual assaults took place from approximately 2008 to 2011." *Id.* at 4. The *Vasquez I* Court affirmed defendant's convictions but remanded for a *Crosby* hearing, pursuant to this Court's opinion in *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015) (*Steanhouse I*), aff'd in part and rev'd in part 500 Mich 453 (2017). *Vasquez I,* unpub op at 4.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

## I. SENTENCING

On appeal, defendant first argues that he is entitled to resentencing because the trial court erred by failing to consult the sentencing guidelines when it sentenced defendant. We disagree.

Although the sentencing guidelines are now advisory, instead of being mandatory, see *People v Lockridge*, 498 Mich 358, 365, 399; 870 NW2d 502 (2015), a sentencing court nevertheless *must* consult the guidelines when imposing a sentence, *id.* at 391. See also *People v Steanhouse*, 500 Mich 453, 474-475; 902 NW2d 327 (2017) (*Steanhouse II*) (stating that although the guidelines are now advisory, they remain a highly relevant consideration in a trial court's exercise of sentencing discretion and must be consulted and taken into account when imposing a sentence).

Defendant's contention is without merit. From the record, it is clear that the trial court did consult the guidelines range. At sentencing, the court acknowledged that, despite the sentencing guidelines range for defendant's minimum sentence being 126 to 210 months and despite the statutory minimum sentence being 25 years,[2] it was sentencing defendant to a minimum term of 40 years in prison. Therefore, we find untenable defendant's positon that the court failed to consult the sentencing guidelines range.

Defendant also argues that the trial court failed to adequately justify the out-of-guidelines sentence. This time, we agree.

"[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*[, 435 Mich 630; 461 NW2d 1 (1990)]." *Steanhouse II*, 500 Mich at 459-460 (citation omitted). " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Id.* at 475, quoting *Milbourn*, 435 Mich at 661.

Michigan courts have held that a judge who decides to impose a sentence in excess of the guidelines range "must ' "justify the sentence imposed in order to facilitate appellate review." ' " *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017), lv pending, quoting *Steanhouse II*, 500 Mich at 470, quoting *Lockridge*, 498 Mich at 392. In doing so, a court is to "include[] an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted).

---

[2] MCL 750.520b(2)(b) provides that the punishment "[f]or a [CSC-I] violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age" is to be "imprisonment for life or any term of years, *but not less than 25 years*." (Emphasis added.)

[R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. [*Id.* (quotaton marks and citations omitted.]

Here, the trial court provided very little justification for the sentence it imposed. At sentencing, the only justification the court provided was the following:

There's no question, based upon the extent of the defendant's criminal behavior with three small children,[3] that he's a pedophile. I don't know as to whether or not he's even capable of being rehabilitated.

We hold that the trial court failed to adequately justify the sentence imposed. The above "rationale" is too sparse to be of any use in facilitating appellate review. We note that the trial court had to impose an out-of-guidelines sentence because the top of defendant's guidelines range was 210 months, or 17.5 years, while MCL 750.520b(2)(b) required a minimum sentence of 25 years. This Court in *People v Payne*, 304 Mich App 667; 850 NW2d 601 (2014), held that the statutory 25-year term was a "mandatory minimum" sentence and that in order to impose a sentence that exceeded this mandatory minimum, a court had to support its decision with "substantial and compelling reasons." *Id.* at 672, citing *People v Wilcox*, 486 Mich 60, 69-70; 781 NW2d 784 (2010). Thus, the *Payne* Court treated the 25-year "mandatory minimum" as akin to a sentencing guidelines range, where the "range" was a single length of imprisonment. See *Payne*, 304 Mich App at 672, citing MCL 769.34(3) and *Wilcox*, 486 Mich at 69-70. However, *Wilcox*, the case that *Payne* relied on, in turn relied in part on MCL 769.34(3), which required courts to articulate "substantial and compelling" reasons to impose a sentence that departed from the (then-mandatory) sentencing guidelines. *Wilcox*, 486 Mich at 70. Consequently, the *Wilcox* Court held that a sentence that exceeded the guidelines range and exceeded the statutory minimum constituted a "departure" sentence, which requires substantial and compelling reasons to support it. *Id.*

But our Supreme Court in *Lockridge* held that, because the sentencing guidelines were now advisory, a court did not need to provide a substantial and compelling reason to impose a sentence that departed from the guidelines and struck that requirement from MCL 769.34(3). *Lockridge*, 498 Mich at 391. Therefore, the basis for the *Payne* Court requiring a sentencing court to provide a substantial and compelling reason when exceeding the statutory minimum sentence no longer exists. Accordingly, while the trial court needed to justify its reason for the sentence it imposed, see *Dixon-Bey*, 321 Mich App at 525, it did not need to offer substantial and compelling reasons, see *Lockridge*, 498 Mich at 391.

---

[3] The record shows that, over a two-or three-year period, defendant sexually assaulted one of the victims more than 20 times and sexually assaulted her sister "about four" times. Additionally, another victim testified, as "other acts evidence," that defendant had sexually assaulted her.

Again, here, the trial court did not provide any meaningful rationale as to why it chose to impose a 40-year minimum sentence, when the default minimum sentence was 25 years. Therefore, we remand for resentencing. See *Steanhouse II*, 500 Mich at 476 (stating that a trial court abuses its discretion when it fails "to provide adequate reasons for the extent of the departure sentence imposed"). We note that our opinion does not preclude the trial court from imposing the same sentence (or a different sentence exceeding the 25-year minimum) if it chooses to exercise its discretion in that manner. Instead, our holding merely is that if the court is to impose a sentence that exceeds the statutory minimum sentence of 25 years, the court needs to adequately articulate its reasons why it chose that sentence, such that it facilitates appellate review. See *id.*; *Dixon-Bey*, 321 Mich at 525.

## II. APPLICABILITY OF THE LAW OF THE CASE

Defendant also argues that the law-of-the-case doctrine requires further sentencing proceedings. Specifically, defendant avers that the trial court erred when it failed to follow, on remand, this Court's explicit instructions in *Vasquez I* to hold a *Crosby* hearing. We disagree.

Application of the law of the case doctrine is an issue of law that is reviewed de novo. *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). The law of the case doctrine "bars reconsideration of an issue by an equal or subordinate court during subsequent proceedings in the same case." *People v Mitchell*, 231 Mich App 335, 340; 586 NW2d 119 (1998). The law of the case doctrine, however, "is not inflexible and need not be applied if it will create an injustice." *People v Phillips (On Remand)*, 227 Mich App 28, 33-34; 575 NW2d 784 (1997). Additionally, if there has been a change of law after the initial decision by the appellate court, "the doctrine does not preclude reconsideration of a question." *Ashker*, 245 Mich App at 13.

Although defendant was sentenced to an out-of-guidelines sentence, this Court in *Vasquez I*, unpub op at 4, remanded for a *Crosby* hearing pursuant to *Steanhouse I*,[4] which was binding at the time. However, before October 6, 2017, when the trial court denied resentencing notwithstanding this Court's opinion in the prior appeal, the Supreme Court issued its opinion in *Steanhouse II*, reversing in part *Steanhouse I*. In *Steanhouse II*, the Supreme Court explained that *Crosby* remands are used to determine "whether trial courts that had sentenced defendants under the mandatory sentencing guidelines had their discretion impermissibly constrained by those guidelines." *Steanhouse II*, 500 Mich at 475. Because *Crosby* remands should only be used for this limited task, "the purpose for the *Crosby* remand is not present in cases involving departure sentences." *Id.* at 476. Therefore, cases involving out-of-guidelines sentences should not be remanded for *Crosby* hearings but instead should only be remanded if this Court determines that the trial court abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed. *Id.*

---

[4] In *Steanhouse I*, this Court held that a *Crosby* remand was the proper remedy, despite the fact that the defendant had been sentenced to an out-of-guidelines sentence. *Steanhouse I*, 313 Mich App at 42, 48-49.

Because *Steanhouse II* caused a change of law between the date this Court issued its opinion in *Vasquez I* and the date the trial court held its hearing after our remand, we hold that the law of the case doctrine does not require this Court to follow the part of *Vasquez I* ordering a *Crosby* remand. See *Ashker*, 245 Mich App at 13. Defendant's sentences were sentences that exceeded the guidelines range; therefore, under *Steanhouse II*, the purpose of a *Crosby* remand is not present in this case. *Steanhouse II*, 500 Mich at 476. Accordingly, the trial court did not err by failing to hold a *Crosby* hearing as ordered by this Court in *Vasquez I*.

Remanded for resentencing. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michael F. Gadola
/s/ Jonathan Tukel