*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAYMOND J. CAREY,

Plaintiff-Appellant,

v

FOLEY & LARDNER, LLP,

Defendant-Appellee.

UNPUBLISHED
March 19, 2020

No. 344940
Wayne Circuit Court
LC No. 13-013005-CK

Before: TUKEL, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition to defendant on plaintiff's claim of unlawful retaliation under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, in this employment discrimination case. We affirm.

Plaintiff is an attorney who was previously employed by defendant law firm. The litigation between the parties has a lengthy history, winding its way through state and federal trial and appellate courts over several years, including an appeal to this Court. See *Carey v Foley & Lardner, LLP (On Reconsideration)*, unpublished per curiam opinion of the Court of Appeals, issued August 9, 2016 (Docket No. 321207). We will forgo a recitation of much of the factual and procedural history of the dispute because it is not relevant to this appeal.

In an amended complaint filed in the trial court back in January 2014, plaintiff added a cause of action for retaliation under the ELCRA, which he had never alleged in the past in either state or federal court. The amended complaint contained eight other counts, and those claims had been in the original complaint. With respect to the new retaliation claim, plaintiff alleged that he complained to defendant about "discriminatory treatment . . . each time he was notified of his annual compensation . . . since and beginning with Defendant's 2001 fiscal year." Plaintiff further asserted that his complaints "were one factor that made a difference in Defendant's compensation determinations concerning Plaintiff" every fiscal year since 2001. Plaintiff contended that had he "not complained, he would have been more highly compensated." Additionally, plaintiff alleged that defendant treated him "differently than similarly situated younger partners with respect to compensation during each of its fiscal years since and beginning with . . . 2001 . . . because of his

complaints." Finally, plaintiff maintained that the manner in which defendant compensated him constituted "intentional retaliation . . . for his complaints although Defendant knew or should have known that its conduct violated the [ELCRA]."

Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10) with respect to the eight original causes of action a couple of weeks before plaintiff filed his amended complaint. After the amended complaint was filed, defendant moved to strike the amended complaint, arguing that the amendment violated the court rules and was futile. According to defendant, the retaliation claim could not stand scrutiny and would be subject to summary dismissal like the other claims. The trial court granted in part and denied in part defendant's motion for summary disposition. The trial court denied defendant's motion to strike the amended complaint, along with denying summary disposition with regard to the retaliation claim.

Defendant filed an application for leave to appeal, this Court granted the application, and subsequently this Court issued its unpublished opinion on reconsideration that disposed of all of plaintiff's causes of action, except for the retaliation count. *Carey*, unpub op. In the earlier opinion, the panel addressed defendant's argument that the trial court erred by failing to strike plaintiff's amended complaint that raised the claim of retaliation under the ELCRA. *Id.* at 12. The Court noted that plaintiff had served his state complaint on defendant on December 27, 2013, that in lieu of filing an answer defendant moved for summary disposition on January 16, 2014, and that plaintiff filed the amended complaint on January 31, 2014, while the summary disposition motion was pending. *Id.* at 13. The Court determined that plaintiff was permitted to file the amended complaint as a matter of course under MCR 2.118(A)(1). *Id.* For reasons unknown to us, the panel then examined whether granting leave to amend would have been futile.[1] *Id.* at 14. The Court then held:

> Plaintiff's retaliation claim is not futile. The retaliation claim added to plaintiff's complaint alleged that he complained to defendant yearly, in conjunction with his receipt of notification of his compensation, that he was dissatisfied with the amount received and attributed the perceived disparity as being attributable to age discrimination. Because we find that this is a jury question, the amended complaint should be allowed. *Defendant however, is not precluded from challenging plaintiff's retaliation claim by timely filing a motion for summary disposition with the trial court.* [*Id.* (emphasis added).]

The emphasized language was not part of the original opinion issued by this Court and was added upon reconsideration after defendant, in a motion for reconsideration, raised the issue concerning

---

[1] Having just concluded that plaintiff could amend his complaint by right, we are at a loss to understand why the earlier panel proceeded to address futility for purposes of analyzing whether granting leave to amend the complaint would have been proper.

a future motion for summary disposition. The panel remanded the case to the trial court for further proceedings consistent with the opinion. *Id.*[2]

On remand, defendant moved for summary disposition regarding plaintiff's retaliation claim, presenting numerous arguments in support of the motion. The trial court granted defendant's motion for summary disposition. The court rejected defendant's attempt to restrict plaintiff's retaliation claim to events occurring three years before the filing of the amended complaint, explaining that "under MCR 2.118(D), Plaintiff's retaliation claim relates back to his original complaint, which was filed on October 8, 2013." But the trial court also rejected plaintiff's argument that his ELCRA claims were tolled from the date of the filing of his federal complaint on February 28, 2011, ruling that plaintiff's "retaliation claim cannot be tolled by the filing of the federal lawsuit because it was never pled in the federal lawsuit." Thus, the court concluded that plaintiff's "retaliation claim for each alleged adverse employment action that occurred prior to October 8, 2010, is barred."

The trial court next determined that the only protected activities under the ELCRA that could conceivably support plaintiff's retaliation claim was an EEOC charge filed in December 2010, the federal lawsuit filed in February 2011, and the filing of the state lawsuit in October 2013. The court then ruled that plaintiff failed to show that defendant's compensation decisions constituted adverse employment actions. The trial court next found that plaintiff "provided no direct or circumstantial evidence that raises an inference that his protected activity was a 'significant factor' in any adverse compensation decisions after 10-8-10." The court observed that "the annual compensation reports demonstrate that the determination of [plaintiff's] compensation for 2011/2012 and forward were reflective of his diminishing performance, diminishing billable hours, and refusal to leverage his client base." The trial court further determined that defendant offered legitimate, nonretaliatory reasons for its compensation decisions relative to plaintiff, i.e., business assessments of his performance. The court found that plaintiff had failed to show that those reasons were pretextual or that retaliation was a motivating factor.[3]

---

[2] Earlier in the opinion, this Court noted that collateral estoppel did not bar the retaliation claim because it had not been alleged or addressed in the federal lawsuit. *Carey*, unpub op at 9. The panel also indicated that defendant had argued that plaintiff could not "establish the causal link between the complaints and the subsequent years' compensation decisions." *Id.* The Court only examined this issue in regard to the length of time between the protected activity and the adverse employment actions, observing that a lengthy period can preclude the finding of a nexus between the two events and that the determination of what constitutes a lengthy period is case specific. *Id.* at 8-9. The panel concluded, "Since compensation was a yearly decision, we cannot say as a matter of law that time alone bars this cause of action." *Id.* at 9.

[3] The trial court additionally concluded that collateral estoppel barred relitigation of the issue regarding whether defendant had legitimate reasons for its compensation decisions, where the federal district court had ruled that defendant provided legitimate, nondiscriminatory reasons and this Court had ratified that assessment in the earlier appeal. The court subsequently indicated that collateral estoppel also precluded relitigation of the issue of pretext given the federal court's finding that pretext was not established.

Plaintiff now appeals by right the trial court's order granting summary disposition in favor of defendant. Plaintiff first argues that the trial court's rulings regarding the statute of limitations, protected activity, causation, and collateral estoppel were all precluded by this Court's earlier decision. Plaintiff invokes the law of the case doctrine, maintaining that the previous panel determined that his retaliation claim in the amended complaint was not futile and presented a jury question.

In *Grievance Administrator v Lopatin*, 462 Mich 235, 259-260; 612 NW2d 120 (2000), our Supreme Court explained the nature and parameters of the law of the case doctrine:

> Under the law of the case doctrine, if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. The appellate court's decision likewise binds lower tribunals because the tribunal may not take action on remand that is inconsistent with the judgment of the appellate court. Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals. [Quotation marks and citations omitted.]

"The doctrine applies to questions specifically decided in an earlier decision and to questions necessarily determined to arrive at that decision." *Webb v Smith*, 224 Mich App 203, 209; 568 NW2d 378 (1997). We review de novo the question whether the law of the case doctrine applies. *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001).

Because we do not resolve the instant appeal on the basis of the statute of limitations, it is unnecessary to assess the application of the law of the case doctrine relative to the statute of limitations. But we do note that this Court in the earlier appeal did not specifically examine whether the statute of limitations barred all or some of the aspects of the retaliation claim. With respect to the elements of a retaliation cause of action, this Court's previous reference to there being a "jury question," *Carey*, unpub op at 14, while muddying the waters, was made in the context of determining whether the amendment of the complaint would have been futile. The Court was essentially stating that the retaliation count was not legally insufficient on its face. To the extent that the "jury question" language created an ambiguity relative to the law of the case, the matter was cleared up on reconsideration when the Court added language that defendant was "not precluded from challenging plaintiff's retaliation claim by timely filing a motion for summary disposition with the trial court." *Id.* Because the Court ultimately determined that a summary disposition motion could be pursued on remand, which would necessarily encompass a challenge regarding the merits of the retaliation claim, the law of the case doctrine did not preclude the trial court's various rulings that summarily rejected the substance of the retaliation claim.[4]

---

[4] We do conclude that the length of time between the protected activity and the adverse employment actions cannot, in and of itself, serve as a basis to find in favor of defendant because that matter was addressed by this Court in the earlier appeal. *Carey*, unpub op at 8-9.

Under MCL 37.2701(a), a person shall not "[r]etaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act." In *Meyer v City of Center Line*, 242 Mich App 560, 568-569; 619 NW2d 182 (2000), this Court set forth the elements of an ELCRA-based retaliation claim under MCL 37.2701(a), explaining:

> To establish a prima facie case of retaliation under the Civil Rights Act, a plaintiff must show (1) that the plaintiff engaged in a protected activity, (2) that this was known by the defendant, (3) that the defendant took an employment action adverse to the plaintiff, and (4) that there was a causal connection between the protected activity and the adverse employment action. [See also *DeFlaviis v Lord & Taylor, Inc*, 223 Mich App 432, 436; 566 NW2d 661 (1997).]

We conclude that the only issue that we need address is causation, i.e., whether there was a causal connection between the protective activity—plaintiff's complaints of discrimination—and the alleged adverse employment actions—unequal compensation decisions. To establish the element of causation, a plaintiff must show that his or her participation in protected activity identified in the ELCRA was a "significant factor" in the employer's adverse employment action, not simply that a causal link existed between the two. *Barrett v Kirtland Community College*, 245 Mich App 306, 315; 628 NW2d 63 (2001). "A causal connection can be established through circumstantial evidence, such as close temporal proximity between the protected activity and adverse actions, as long as the evidence would enable a reasonable factfinder to infer that an action had a discriminatory or retaliatory basis." *Rymal v Baergen*, 262 Mich App 274, 303; 686 NW2d 241 (2004).

With respect to establishing a causal connection, if there is direct evidence of retaliation, a "plaintiff can go forward and prove unlawful [retaliation] in the same manner as a plaintiff would prove any other civil case." *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001). In retaliation cases, direct evidence "establishes without resort to an inference that an employer's decision to take an adverse employment action was at least in part retaliatory." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 276; 826 NW2d 519 (2012).

"Absent direct evidence of retaliation, a plaintiff must rely on indirect evidence of his or her employer's unlawful motivation to show that a causal link exists . . . ." *Debano-Griffin v Lake Co*, 493 Mich 167, 176; 828 NW2d 634 (2013). In such a case, we apply the burden-shifting framework set forth in *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973). *Debano-Griffin*, 493 Mich at 176. Under the framework, a plaintiff can present a rebuttable prima facie case based on proofs from which a factfinder could infer that the plaintiff was the victim of unlawful retaliation. *Id.* A presumption of retaliation arises if a plaintiff establishes a prima facie case because an employer's adverse action is more likely than not based on impermissible factors if the employer cannot otherwise justify its actions. *Id.* "The employer, however, may be entitled to summary disposition if it offers a legitimate reason for its action . . . ." *Id.* This "articulation requirement means that the defendant has the burden of producing evidence that its employment actions were taken for a legitimate, [nonretaliatory] reason." *Hazle*, 464 Mich at 464. "If the employer makes such an articulation, the presumption created by the *McDonnell Douglas* prima facie case drops away." *Id.* at 465.

-5-

At this stage of the *McDonnell Douglas* analysis, in order for a plaintiff to survive a motion for summary disposition, the plaintiff must demonstrate that the evidence in the case, when construed in the plaintiff's favor, is sufficient to permit a reasonable trier of fact to conclude that retaliation was a motivating factor for the adverse action. *Hazle*, 464 Mich at 465. "[A] plaintiff must not merely raise a triable issue that the employer's proffered reason was pretextual, but that it was a pretext for [unlawful retaliation]." *Debano-Griffin*, 493 Mich at 176 (quotation marks and citation omitted). There are three ways that a plaintiff can demonstrate that a defendant's purported legitimate, nonretaliatory reasons are pretextual. *Id.* at 180. A plaintiff can show that the reasons had no basis in fact, that the reasons were not the actual factors motivating the decision, or that the reasons were jointly insufficient to justify the decision. *Id.* But the soundness of an employer's business judgment cannot be questioned as a means of showing pretext. *Id.*[5]

We initially note that in *Carey v Foley & Lardner, LLP*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued September 4, 2013 (Case No. 11-10818); unpub op at 6, the federal court ruled:

> Although Plaintiff may disagree with Defendant's justifications for any perceived pay disparity or feel that Defendant's method of determining compensation is unfair, Plaintiff has not set forth facts that raise an inference that any such differential was based upon gender or that Defendant's reasoning is pretextual.

While the federal court was not examining pretext in the context of a retaliation claim, the court nonetheless found that defendant's business-related reasons for compensation decisions relative to plaintiff were not shown to be pretextual. An argument can be made that collateral estoppel, which concerns *issue* preclusion on matters actually decided in a prior action, *Ditmore v Michalik*, 244 Mich App 569, 577; 625 NW2d 462 (2001), defeats plaintiff's retaliation claim because the federal court ruled that plaintiff failed to show that defendant's compensation decisions were a pretext for unlawful conduct. But because the panel in the earlier appeal found that collateral estoppel did not apply to any aspect of the retaliation claim, the law of the case doctrine prevents us from applying collateral estoppel. See *Duncan v Michigan*, 300 Mich App 176, 189; 832 NW2d 761 (2013) ("Even if the prior decision was erroneous, that alone is insufficient to avoid application of the law of the case doctrine.").[6]

---

[5] A plaintiff cannot simply show that the employer's decision was mistaken or wrong, because the factual dispute at issue is whether retaliatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent. *Debano-Griffin*, 493 Mich at 180.

[6] Previously, in affirming summary disposition of plaintiff's age, race, and gender discrimination claims, this Court held that "[t]he federal district court explicitly found that the reasons or justifications provided by defendant for any disparity in pay were legitimate, nondiscriminatory and not pretextual. As such, plaintiff's claims under the ELCRA are precluded based on collateral estoppel." *Carey*, unpub op at 8-9. This reasoning, perhaps arguably, could have been extended by the panel to summarily dismiss the retaliation claim, but again, the Court refused to apply collateral estoppel to the retaliation cause of action.

Assuming that plaintiff presented a prima facie case of retaliation, we find that defendant provided ample evidence that its compensation determinations with respect to plaintiff were predicated on business assessments and criticisms of his performance. Stated otherwise, defendant articulated legitimate, nonretaliatory reasons for its compensation determinations and supported those reasons with evidence. Plaintiff points to a litany of evidence that he claims constituted direct and indirect evidence of retaliation and established that defendant's reasons were pretextual. We have scoured and scrutinized this evidence and, as a matter of law, it simply did not constitute direct evidence of retaliation, nor did it indirectly reflect that retaliation was a motivating factor for defendant's compensation decisions. Plaintiff failed to demonstrate, as a matter of law, that the business and performance-related reasons for defendant's compensation decisions had no basis in fact, were not the actual factors motivating the decisions, or were insufficient to justify the decisions. In light of our holding, it is unnecessary to address the other issues raised by plaintiff on appeal.

We affirm. Having fully prevailed on appeal, defendant may tax costs under MCR 7.219.


/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Brock A. Swartzle

-7-