*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT VANDERCOOK,

        Plaintiff-Appellee,

v

STATE POLICE, JOSEPH GASPER, and JAN
WINTERS,

        Defendants,

and

CIVIL SERVICE COMMISSION,

        Defendant-Appellant.

UNPUBLISHED
June 29, 2023

No. 360660
Wayne Circuit Court
LC No. 21-009337-CD

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

In this employment discrimination action, defendant, Civil Service Commission (MCSC), appeals by leave granted[1] the trial court's partial denial of the its motion for summary disposition. The MCSC filed its motion under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted), but it attached documents to its filings as evidence supporting its position. The trial court ostensibly denied the motion under MCR 2.116(C)(10), concluding facts could be developed through discovery to demonstrate the MCSC is plaintiff, Scott Vandercook's, "employer," under the Civil Rights Act (CRA), MCL 37.2101 *et seq.*, and potentially liable for Vandercook's employment discrimination claims. The trial court did not address the MCSC's arguments that it should dismiss Vandercook's claims as a matter of law.

---

[1] *Vandercook v State Police*, unpublished order of the Court of Appeals, entered July 14, 2022 (Docket No. 360660).

This appeal, therefore, raises two essential questions. The first question is whether Vandercook is entitled to some discovery before summary disposition of his claims against the MCSC. The trial court concluded that he is, and we agree. The second question is whether Vandercook has stated a valid claim against the MCSC. In other words, has Vandercook sufficiently pleaded that the MCSC is an agent of Vandercook's employer, a labor organization, or an employment agency under the CRA. The trial court never addressed this question. We, therefore, remand on this issue for clarification.

## I. BACKGROUND

This case arises from repeated decisions to deny Vandercook promotions within the Michigan State Police (MSP). Vandercook, who identifies as Hispanic, is a state trooper, employed by the MSP for 19 years. He unsuccessfully applied for promotions to sergeant or trooper specialist positions at least 24 times between May 2016 and January 2020. Vandercook alleges that, on several of those occasions, less qualified white applicants were promoted. The complaint identifies specific, allegedly less qualified officers who MSP promoted instead of Vandercook. He claims that the MSP's decision to deny his promotions were acts of employment discrimination because of his race, color, and national origin, in violation of the CRA.

In September 2021, Vandercook sued the MCSC, MSP, Colonel Joseph Gasper (MSP's Director), and Jan Winters (the MCSC's State Personnel Director).[2] In his amended complaint, Vandercook alleged all four defendants (the MCSC, the MSP, Gasper, and Winters) were his employers under MCL 37.2201(a) of the CRA, and the MCSC and Winters were employment agencies and labor organizations under MCL 37.2201(b) and (c) of the CRA. The amended complaint contained two counts: Under Count I, Vandercook alleged subjective criteria in the MSP's promotional process had a disparate impact on the basis of color, race, and national origin, and could not be justified by business necessity or a relationship to successful job performance. Under Count II, Vandercook alleged intentional discrimination on the basis of race, color, or national origin. In the factual allegations of the amended complaint, Vandercook also alleged that defendants' failure to monitor and audit promotional practices to ensure compliance with law resulted in discrimination, though these allegations were not used by Vandercook to compose a third count, as in his original complaint.

Though not alleged in Vandercook's complaint, the MCSC is a government entity established by our Constitution. See Const 1963, art 11, § 5, ¶¶ 1 through 4, 6, and 8. Different from the "classified state civil service," which includes many unelected employees of the components of state government (like Vandercook), the MCSC is composed of four individuals, from different political parties, appointed by the Governor to staggered eight-year terms. Compare Const 1963, art 11, § 5, ¶ 1 with ¶ 2. Both our Constitution and the Civil Service Rules delegate authority and power to the MCSC to exercise human resources functions, among other functions, on behalf of appointing authorities like MSP. See Const 1963, art 11, § 5, ¶¶ 1 through 4, 6, and 8; Civ Serv R 1-4.3(b)(2)(A) (providing that appointment authorities, like MSP, may assign management functions to civil service human resources staff and permit them to act on behalf of

---

[2] Defendants MSP and Colonel Joseph Gasper are not parties to this appeal.

the appointing authority, including its functions related to selection and appointment, labor relations, and performance management).

The MCSC and Winters moved for summary disposition under MCR 2.116(C)(8) in lieu of answering Vandercook's complaint. The MCSC argued it was not Vandercook's employer, a labor organization, or an employment agency under the CRA; therefore, it was not liable for Vandercook's discrimination claims. Aside from MCSC regulations, the MCSC attached to its motion a policy guidance from the United States Equal Employment Opportunity Commission. In his response to the motion for summary disposition, Vandercook argued that, under our Constitution and the Michigan Civil Service Rules, Winters and the MCSC were "agents" of the MSP, and therefore, "employers" as defined in the CRA, MCL 37.2201(a) (defining an "employer" as "a person who has 1 or more employees and includes an agent of that person").

Winters and the MCSC replied, maintaining that the Civil Service Rules, and their limited-scope of duties in relation to the MSP, did not establish them as agents of the MSP. They argued that the MSP retained management authority. To support this argument, Winters and the MCSC presented an affidavit, attached for first time to their reply brief. In the affidavit, Jonathan Patterson, the MCSC's Chief Deputy Director, stated, in relevant part:

> 2. Civil Service Rule 1-4.3 permits, but does not require, an agency like the Michigan Department of State Police (MSP) to assign certain management functions in writing to Commission staff. . . .
>
> 3. Such writings are known as service level agreements and describe any specific functions assigned to Commission staff.
>
> 4. MSP does have a service level agreement with the Commission, but the agreement does not assign selection or recruitment duties to the Commission or Commission staff.
>
> 5. The agreement specifically leaves MSP with "[t]he right to select, direct, or assign Department employees and to initiate lateral job changes."
>
> 6. The agreement also states that, regarding recruitment and selection, the MSP Director "shall make final decisions for all related matters for both civilian and enlisted members."
>
> * * *
>
> 11. The interview panels were composed exclusively of enlisted MSP employees for every interview held for selection processes identified in the amended complaint.
>
> 12. No Commission employees were on any interview panel for the selection processes identified in the amended complaint.
>
> 13. These interview panels of enlisted MSP employees selected successful candidates from selection processes identified in the amended complaint.

-3-

Although the affidavit attached to the reply brief referenced a "service level agreement" between the MCSC and MSP, neither the MCSC's motion, nor its reply, attached the "service level agreement."

After a hearing, from the bench, the trial court granted the motion for summary disposition related to Winters, but denied the motion related to the MCSC. The trial court explained that the MCSC could renew the motion after discovery was complete. When counsel for the MCSC asked if the trial court was denying the motion as to all four potential explanations of the MCSC's liability (as Vandercook's actual employer, agent of Vandercook's employer, labor organization, and employment agency), the trial court stated:

> I'm just—based on the fact that you've even asserted that there's a relationship with the—with the Civil Service department, by way of the fact that HR people are assigned to the different divisions and, in terms of there being a relationship and an agreement. Once that's all flushed out, then the Court will, if it's appropriate for you to renew your motion, the Court will entertain it. Based on the fact that there is a relationship, between Civil Service Commission employees that are assigned—I—I don't want to misquote or misstate, that are assigned to different Michigan—like MSP, and their employees there, with those—that relationship is, if that relationship is proved to be wholly separate from the Civil Service Commission, versus being an agent that's assigned. And, like I say, I don't know—we—to me, that's something that would have to be determined by way of discovery. Are you—because in terms of the relationship with the Civil Service Commission and the MSP, how it assigns individuals to act as agents for the MSP and whether or not there is a distinction—a separate distinction that would separate the Civil Service Commission from the MSP or whether there's a nexus, between the two.

The trial court ostensibly granted the motion for summary disposition, related to Winters, as a matter of law, under MCR 2.116(C)(8). It denied the motion under MCR 2.116(C)(10), related to the MCSC, particularly Vandercook's claim that it was a liable "employer," as an agent of Vandercook's actual employer. It later entered an order granting summary disposition to Winters and dismissing her from the suit with prejudice, but denying summary disposition, without prejudice, to the MCSC. The order did not specify the rule under which it granted summary disposition.

Following the trial court's partial denial, MCSC moved to stay proceedings pending its application for leave to appeal. Vandercook responded in opposition. Somehow, after the hearing on the motion for summary disposition, Vandercook obtained the Service Level Agreement between the MCSC and MSP that the MCSC referenced in its reply brief. He attached it to his response to the MCSC's motion to stay.

During the relevant period, MSP had a Service Level Agreement with the MCSC "regarding the provision of human resource services after the effective date of Executive Order 2007-30 (EO)." In Section 2 of the Agreement, the parties acknowledged that, subject to the constitutional authority of the MCSC and its rules and regulations, the MSP's authority over personnel matters, including selection, was not diminished. But Section 3 of the Agreement

-4-

designated a MCSC employee to act as the human resources director for MSP and provided that other MCSC employees may be assigned to provide human resources services to MSP. Further, Section 3(C)(1) provided:

> The Department's appointing authority may assign the Appointing Authority's management functions to the [Human Resources Director] or other [MCSC] Human Resource Operations staff to act on behalf of the Appointing Authority. A [MCSC] employee acting under an express written assignment of management functions acts as an agent of the [MSP] and may bind the [MSP].

Without discovery, it remains somewhat unclear whether MSP issued an express written assignment of management functions under the MCSC. And critically, neither party filed the Service Level Agreement with the trial court before the trial court's partial denial of summary disposition appealed here. The trial court entered its order in late February 2022, and Vandercook filed the Service Level Agreement in mid-March 2022, as an attachment to his response to the MCSC's motion to stay. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The MCSC moved for summary disposition under MCR 2.116(C)(8). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *Id*. at 159 (emphasis omitted). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

Although the MCSC moved for summary disposition under MCR 2.116(C)(8), both parties relied on documents beyond the pleadings, such as the Patterson affidavit, concerning the content of the Service Level Agreement and the makeup of the promotion interview and selection panels. Because the parties relied on evidence beyond the pleadings in addressing the MCSC's motion for summary disposition, we must treat the trial court's decision with respect to MCR 2.116(C)(8) as if it were made pursuant to MCR 2.116(C)(10). See *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 544; 904 NW2d 192 (2017).

A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *El-Khalil*, 504 Mich at 160 (citation and emphasis omitted). In considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). Such a motion "may only be granted when there is no genuine issue of material fact." *Id*. (citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

The MCSC moved for summary disposition in lieu of filing an answer, and before discovery. Summary disposition is inappropriate before the completion of discovery unless there is no fair chance further discovery will allow the party opposing the motion to present sufficient

support for its allegations. *CMI Int'l, Inc v Intermet Int'l Corp*, 251 Mich App 125, 134-135; 649 NW2d 808 (2002).

### III.  LAW AND ANALYSIS

To the extent the MCSC essentially argued for summary disposition under MCR 2.116(C)(10), the trial court correctly denied the motion without prejudice, allowing the parties to complete additional discovery.  By extension, the trial court concluded that Vandercook sufficiently alleged that the MCSC was liable under the CRA as an "employer."  We agree and affirm on these bases.  But the trial court did not address the MCSC's other arguments, under MCR 2.116(C)(10), that the trial court should dismiss Vandercook's claims that the MCSC was an employment agency, a labor organization, or that it failed to monitor and audit employment practices.  We remand for the trial court to address these arguments first.

### A.  THE TRIAL COURT CORRECTLY DENIED SUMMARY DISPOSITION UNDER MCR 2.116(C)(10) TO ALLOW THE PARTIES TO COMPLETE DISCOVERY

The trial court correctly concluded it could not grant the motion under MCR 2.116(C)(10) until the parties engaged in further discovery, including on the issue of whether a principal-agent relationship existed between MSP and the MCSC as it related to promotion and advancement of MSP employees.  Implicit in its conclusion is that Vandercook sufficiently pleaded that the MCSC was liable as an employer's agent.  We agree on both grounds.

Starting with the sufficiency of Vandercook's pleadings, the trial court correctly, albeit implicitly, concluded that Vandercook sufficiently pleaded that the MCSC was an agent of Vandercook's employer, MSP.  At the threshold, Vandercook has not alleged that the MCSC was his actual employer; rather, he alleged that the MCSC was his "employer" under the CRA through its agency relationship with the MSP.  Compare *Ashker v Ford Motor Co*, 245 Mich App 9, 11-12 15-16; 627 NW2d 1 (2001) (holding that courts apply the economic reality test to determine if an employer is liable under the CRA, not to determine whether the employer's agent is liable), with *Elezovic v Bennett*, 274 Mich App 1, 8-9; 731 NW2d 452 (2007) (not applying the economic reality test where the plaintiff pursued a claim against supervisor acting as agent of an employer and plaintiff's employee-employer relationship was not at issue).  The CRA defines "employer" as "a person who has one (1) or more employees and includes an agent of that person."  MCL 37.2201(a).  This Court has interpreted this to mean "persons to whom an employing entity delegates supervisory power and authority to act on its behalf are 'agents[.]' " *Elezovic*, 274 Mich App at 10.  These agents are "distinguished from coemployees, subordinates, or coworkers who do not have supervisory powers or authority, for the purposes of the CRA." *Id*.  The CRA states an employer shall not "[f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status."  MCL 37.2202(1)(a).

Here, although Vandercook did not explicitly allege the nature of  MCSC's agency relationship with MSP, he alleged that the MCSC was his employer as defined by MCL 37.2201(a) and broadly alleged that MCSC was an agent.  Without having discovery to obtain the Service

Level Agreement or any specific delegations from MSP to the MCSC that may exist, this pleading was enough. The claim is cognizable.

MCSC appears to acknowledge that it could be a "liable 'employer' " under the CRA, but argues that it is not a liable employer in this case. This can be read as MCSC's acknowledgment that such a claim is legally viable if it is adequately pleaded.

Its arguments regarding the economic reality test are misplaced for two reasons. First, there is no dispute that MSP is Vandercook's actual employer. MCL 37.2201(a) defines "employer" more broadly as including agents of the employer. The critical inquiry is whether the MCSC is MSP's agent, so the economic reality test is unnecessary. See *Elezovic*, 274 Mich App at 8-9. Here, "employer" turns on agency, which turns on the Service Level Agreement and other possible delegations, not whether there was an employer-employee relationship at all.[3] (We are not persuaded by the MCSC's argument that Vandercook is attempting to invert vicarious liability to have liability run from employer to employee. He is not. Rather, he is relying on a statutory definition of employer to pursue a claim that the MCSC is directly liable.) Second, if the court is assessing the claim under MCR 2.116(C)(8), then application of the economic reality test is neither possible, nor necessary. Cf. *Ashker*, 245 Mich App at 11-12 (applying the economic reality test in the context of a motion under (C)(10) and finding no genuine issue of material fact existed on the question of the employer-employee relationship).

The arguments on appeal, like the arguments below, toggle between moving for summary disposition under MCR 2.116(C)(8) and under (C)(10). Focusing purely on whether Vandercook stated a claim upon which relief can be granted, we conclude that he has.

The trial court implicitly reached this conclusion when it denied the motion without prejudice for the parties to continue the discovery process. The trial court's findings and conclusions stated during the hearing indicate that it considered the Patterson affidavit, which the MCSC attached to its reply brief in support of the motion for summary disposition. Although it did not specify the rule under which it granted summary disposition, its consideration of evidence outside of the pleadings indicates that it granted the motion under (C)(10). *Van Buren Charter Twp*, 319 Mich App at 544. Usually, granting summary disposition under MCR 2.116(C)(10) before the close of discovery is improper. See *Southfield v Shefa, LLC*, 340 Mich App 391, 416-417; 986 NW2d 607 (2022). To grant such a motion, the court must conclude that there is "no fair chance that discovery will allow the party opposing the motion to present sufficient support for its allegations." *CMI Int'l, Inc*, 251 Mich App at 135. Here, even before Vandercook presented the trial court with a copy of the Service Level Agreement, the court recognized that discovery provided at least a fair chance that Vandercook could present sufficient evidence to support his allegations. The affidavit that the MCSC attached to its reply brief established that MSP can delegate authority over promotion and selection to the MCSC. Ultimately it turns on the details of the Service Level Agreement and other delegations. Following the denial of summary

---

[3] For this reason, we are not persuaded by the MCSC's reliance on *Sutherland v Mich Dep't of Treasury*, 344 F3d 603, 611-613 (CA 6, 2003). Though the MCSC was dismissed from the suit in *Sutherland*, that case did not involve a Service Level Agreement. It involved a suit under Title VII, an entirely different statutory framework. And it did not involve an agency theory of liability.

disposition, Vandercook filed the Service Level Agreement in support of his response in opposition to the motion to stay discovery. The Service Level Agreement indicates that the relationship between the MCSC and MSP may not be defined purely by the constitution and regulations. Its existence tends to suggest that additional discovery may support Vandercook's claims. The MCSC has not satisfied its burden of establishing that discovery here is pointless.

On appeal, the parties appear to argue past each other, due in part, to the briefing and attachments below. By attaching affidavits to its reply brief, the MCSC began to muddle the line between a motion under (C)(8), which argues that the court should dismiss a complaint as improperly pleaded, and a motion under (C)(10), which argues that there is no genuine issue of material fact. The trial court correctly concluded that Vandercook was entitled to the discovery process. The production of the Service Level Agreement is evidence of this.

### B. THE TRIAL COURT DID NOT RULE ON THE MCSC'S MOTION UNDER MCR 2.116(C)(8)

In addition to alleging that the MCSC was his "employer," under MCL 37.2201(a), Vandercook alleged that the MCSC was liable as a "labor organization" and "employment agency," and for its failure to monitor or audit MSP's hiring and promotional practices. In addition to prohibiting discrimination by "employers," the CRA prohibits a labor organization from excluding a person from its membership, or from referring a person for employment, because of the person's membership in a protected class, MCL 37.2204(a) and (b), and defines a "labor organization," as an organization "in which employees participate and which exists for the purpose . . . of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms and conditions of employment," MCL 37.2201(c)(*i*). Finally, the CRA prohibits an employment agency from failing or refusing to refer, recruit, place, or obtain employment for an individual because of their membership in a protected class, MCL 37.2203, and defines an "employment agency" as a person who regularly refers, recruits, places, or obtains employment for an employee, MCL 37.2201(b).

The trial court did not address whether Vandercook's claims against the MCSC were adequately pleaded, instead focusing on factual issues that the parties injected into the hearing on the motion. After it was clear that the trial court intended to deny its motion, counsel for the MCSC sought clarification on whether the trial court was denying its motion related to these issues too. The trial court indicated that there was a fact question regarding the agency relationship and delegation from MSP to the MCSC, so it would allow the parties to continue discovery. Afterward, the MCSC could renew its motion. In short, the trial court never reached the question of whether these theories of liability were adequately pleaded. We decline to address these arguments for the first time on appeal. Instead, we remand to the trial court to consider these issues first.

### IV. CONCLUSION

For the reasons stated above, we affirm the trial court's denial of the MCSC's motion for summary disposition under MCR 2.116(C)(10). We remand for clarification, so the trial court may address the sufficiency of Vandercook's claims that the MCSC is a "labor organization" and

"employment agency" and its claim that it failed to monitor and audit. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates